# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY CALHOUN, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 3:17-25 |
| | ) District Judge Kim R. Gibson/ |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| BARRY SMITH, *Superintendent of SCI* | ) |
| *Houtzdale*; ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA; and | ) |
| DISTRICT ATTORNEY OF CAMBRIA | ) |
| COUNTY, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Gary Calhoun ("Petitioner") has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (the "Petition"), ECF No. 3, seeking to attack his state court conviction of one count of corruption of minors involving the sexual touching of one of his children. Petitioner was sentenced to a mandatory term of 25 years pursuant to 42 Pa. C.S.A. § 9718.2 for being a repeat sexual offender because he was previously convicted in 1993 of multiple sexual offenses involving a daughter from a prior marriage. Petitioner was also found to be a sexually violent predator pursuant to 42 Pa. C.S.A. § 9792.

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 58, filed on September 9, 2019, recommended that the Petition be denied because all four Grounds were procedurally defaulted and Petitioner had failed to argue cause and prejudice or a miscarriage of justice notwithstanding that Respondents had raised the defense of procedural default. Petitioner was

informed that he could file Objections to the Report by September 26, 2019. Petitioner filed his Objections timely pursuant to the prisoner mail box rule as the post mark date shows a post mark of September 26, 2019.

The Objections do not require rejection of the Report and Recommendation or extended comment.

First, Petitioner claims that the state courts lacked jurisdiction over all of his Post Conviction Relief Act ("PCRA") Petitions filed after his first PCRA Petition which he filed pro se on November 5, 2013 (the "November 5, 2013 PCRA Petition"), immediately after he was convicted but before he was sentenced. This November 5, 2013 PCRA Petition was never ruled on by the trial court until November 19, 2019. ECF No. 59-1. This ruling on the November 5, 2013 PCRA Petition noted that the November 5, 2013 PCRA Petition was "[f]or reasons unclear from the record ... never presented to the Court for review" and was improperly filed because it was filed before Petitioner had even been sentenced. Id. This ruling on the November 5, 2013 PCRA Petition came after the trial court had ruled on subsequently filed PCRA petitions which had been properly filed after Petitioner had been sentenced and after the direct appeal had concluded. Petitioner claims that the trial court was without jurisdiction to rule on the subsequently filed PCRA petitions given the pendency of the November 5, 2013 PCRA Petition.

The significance of these alleged state court procedural errors to the present Petition in this Court is not clear. To the extent that Petitioner seeks federal habeas relief for errors occurring during the PCRA proceedings, he is not entitled to any such relief. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding

2

does not enter into the habeas calculation.... Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.' "); Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in collateral proceedings ... are not a proper basis for habeas relief from the original conviction.").

To the extent that Petitioner seeks to invoke these alleged state court errors to overcome his procedural default of the four Grounds for Relief raised in the present Petition before this Court, we fail to see the significance of such errors. There are one of two legally significant possibilities. First, Petitioner raised the four Grounds for Relief improperly in the November 5, 2013 PCRA Petition which was denied on the independent and adequate state law procedural ground that the November 5, 2013 PCRA Petition was not properly filed since it was filed before Petitioner was even sentenced and hence, the four Grounds for Relief were procedurally defaulted based thereon. Or secondly, Petitioner did not ever raise the four Grounds for Relief in a procedurally proper manner as recounted in the Report and Recommendation. Report and Recommendation, ECF No. 58 at 7 ("Respondents correctly point out that Petitioner procedurally defaulted his four Grounds for Relief in the state courts by not raising them in his direct appeal or in his counseled Amended PCRA Petition, ECF No. 21 at 1 – 10, or in his appeal brief to the Superior Court in the PCRA Proceedings.") (footnotes omitted). In either event, Petitioner procedurally defaulted all four Grounds for Relief.

Petitioner does, for the very first time in these proceedings, raise in his Objections, an argument of cause and prejudice to excuse the procedural default of his four Grounds for Relief. Namely, Petitioner invokes Martinez v. Ryan, 566 U.S. 1 (2012). ECF No. 59 ¶ 12. However, Martinez, by its explicit terms serves only to excuse the procedural default of claims of trial counsel's ineffectiveness. None of the four Grounds for Relief raised in the Petition asserted

3

ineffectiveness of trial counsel. As such, Martinez cannot serve as "cause" to excuse the procedural default of these four Grounds for Relief.

Petitioner does attempt to raise in his Objections five new claims of ineffective assistance of counsel, id. at ¶¶ 16 – 20. But raising such claims of ineffective assistance of counsel at this late stage is not permitted, as it is, in effect, an attempt to amend his Petition to assert what are clearly "new claims" of ineffectiveness, quite distinct from the legal claims actually raised in the Petition, well beyond the AEDPA statute of limitations. Anderson v. Pennsylvania Atty. Gen., 82 F. App'x 745, 751 (3d Cir. 2003) ("a district court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the statute of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief.").

Accordingly, IT IS HEREBY ORDERED this 29th day of October, 2019, after de novo review of the record and the Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. A certificate of appealability is likewise denied as jurists of reason would not find this disposition to be debatable. The Report and Recommendation is adopted as the opinion of the Court as supplemented hereby.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen Kelly
United States Magistrate Judge

GARY CALHOUN
LK-9846
SCI Houzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

All counsel of record via CM-ECF