IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY CALHOUN, | ) |
|                 Petitioner, | ) |
|    v. | ) Civil Action No. 17-25-J |
| BARRY SMITH, Superintendent of SCI Houtzdale; ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; and DISTRICT ATTORNEY OF CAMBRIA COUNTY, | ) ) ) ) ) District Judge W. Scott Hardy ) Magistrate Judge Maureen P. Kelly |
|                 Respondents. | ) |

**MEMORANDUM ORDER**

This matter comes before the Court on Objections, (Docket No. 81), filed by Petitioner Gary Calhoun ("Petitioner") to the Report and Recommendation ("R&R"), (Docket No. 80), entered by Magistrate Judge Maureen P. Kelly on July 3, 2025. The R&R recommends dismissal of the "Motion for Relief from Final Judgment Entered on 11/01/2019," (Docket No. 78), filed by Petitioner pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (the "Rule 60(b) Motion" or the "Motion"). Specifically, the R&R recommends dismissal of Petitioner's Rule 60(b) Motion – which seeks relief from the Court's denial of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "habeas petition"), (Docket Nos. 58, 60) – based on lack of subject matter jurisdiction as an unauthorized second or successive federal habeas petition. (Docket No. 80 at 1, 6). The R&R further recommends that, to the extent one is required, a certificate of appealability be denied. (*Id.*). Service of the R&R was made on the parties through the Court's CM/ECF system and via U.S. Mail, and the parties were advised that

1

any objections to same were due by July 21, 2025. (Docket No. 80 at 6 and Docket Text entry). On July 21, 2025, Petitioner filed Objections to the R&R. (Docket No. 81).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R, Petitioner's Objections thereto, and the entire record in this matter, the Court concludes that, despite Petitioner's arguments to the contrary, his Objections do not undermine the R&R's recommended disposition.[1]

*Equitable Tolling*

In objecting to the R&R, Petitioner first asserts that Judge Kelly did not consider that his Motion seeks not only relief from the denial of his habeas petition pursuant to Rule 60(b), but also equitable tolling of the statute of limitations that governs habeas corpus petitions. (Docket No. 81 at 1). However, to the extent Petitioner argues that Judge Kelly failed to consider his equitable tolling argument, the Court notes that Petitioner's Motion seeks relief from the denial of his habeas petition based on the Court's finding that his claims are procedurally defaulted (since he had not previously raised in state court proceedings the Grounds for Relief that are cited in his habeas petition).[2] The Court did not dismiss Petitioner's habeas petition based on a finding that the statute

---

[1] The Court notes that Petitioner's arguments are not entirely clear as they are presented in his Rule 60(b) Motion or in his Objections thereto.

[2] Specifically, in his habeas petition, Petitioner raised four Grounds for Relief that he did not raise in his direct appeal, or in his counseled Amended PCRA Petition, or in his counseled appeal brief to the Superior Court in the PCRA Proceedings. (Docket No. 58 at 7).

of limitations for filing his petition had expired. Therefore, Petitioner's argument that the statute of limitations for filing his habeas petition should be equitably tolled is irrelevant in the context of this case, and his objection in this regard is overruled.

*Mental Impairment and Preparation and Filing of Habeas Petition*

Seemingly related to his request for equitable tolling of the statute of limitations for filing his habeas petition, Petitioner contends in his Objections that he was unable to prepare and file his habeas petition because of an "extraordinary circumstance," namely, his mental impairment. (Docket No. 81 at 4). A court may consider whether a habeas petitioner's mental status constituted an "extraordinary circumstance" that stood in the way of timely filing a habeas petition, in order to determine whether the "extraordinary remedy" of equitable tolling of the statute of limitations is appropriate in a case. *See Champney v. Secretary Pa. Dep't of Corrs.*, 469 F. App'x 113, 117-18 (3d Cir. 2012). It is not necessary to make such a determination here, however, since Petitioner's habeas petition was not denied as untimely based on the expiration of the statute of limitations.

Moreover, aside from the Grounds for Relief that were asserted in his habeas petition, Petitioner presents several additional claims in his Rule 60(b) Motion, and he appears to indicate that he could not include such arguments earlier because of his mental impairment. For example, Petitioner argues: that his counsel was ineffective for failing to impeach a prosecution witness at trial with evidence of bias (relative to an equal protection claim); that he was prejudiced at trial because a state judge refused to testify on his behalf; and that he experienced untreated anxiety and depression at trial but his counsel did not investigate his mental health conditions. (Docket No. 80 at 4). Additionally, in his Objections to the R&R, Petitioner reiterates some of these arguments raised in his Rule 60(b) Motion, and he appears to raise even more new arguments that

3

he also asserts could not be raised previously because of his mental impairment (*e.g.*, that the hearing held in his case in conformity with a Pennsylvania statute was not authorized by law; and that he was convicted of conduct under Pennsylvania's corruption of minors statute that, as properly interpreted, has not been proven beyond a reasonable doubt). (Docket No. 81 at 3-4). While equitable tolling of the statute of limitations is not an appropriate remedy here, the Court notes that, as the R&R explains, if Petitioner wishes to file a second or successive habeas petition to include the additional grounds for relief that he cites in his Rule 60(b) Motion (as well as arguments that he includes in his Objections), he may seek leave to do so from the Court of Appeals, as this Court does not have jurisdiction to consider such claims at this juncture. (Docket No. 80 at 3-6).

### *Denial of Habeas Petition based on Procedural Default Rather than on Merits*

Petitioner also objects to the R&R rejecting his contention that his habeas petition was erroneously denied based on procedural default when it should have been ruled upon on the merits. (Docket No. 81 at 3). If a habeas petitioner's claims are procedurally defaulted, a federal habeas court is barred from considering claims presented therein unless the habeas petitioner can show "cause" for the default and "prejudice" attributable thereto. *See Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000). Alternatively, if a habeas petitioner "fails to demonstrate cause and prejudice for the default, a federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a 'miscarriage of justice.'" *See id.* at 193. This second exception that permits review of an otherwise procedurally defaulted claim, however, generally only applies in "extraordinary cases," or where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."

4

*Id.* (internal quotation marks and citation omitted); *Schlup v. Delo*, 513 U.S. 298, 326 (1995) (internal quotation marks and citation omitted).

Here, Petitioner concedes in his Rule 60(b) Motion that he did not present cause and prejudice for his procedural default in his habeas petition.[3] Rather, he appears to argue that his otherwise procedurally defaulted claims should be reviewed because a miscarriage of justice has occurred, as there is an "extraordinary circumstance" in this case due to his "actual innocen[ce]." (Docket No. 81 at 3-5). "In an actual innocence gateway case a petitioner must demonstrate two things before his procedural default will be excused." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010). First he "must present new, reliable evidence that was not presented at trial," and second, he "must show by a preponderance of the evidence, 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (quoting *Schlup*, 513 U.S. at 324, 327). To demonstrate a claim of actual innocence in the context of procedural default, a habeas petitioner must show that he is factually innocent of the crime at issue by offering new reliable evidence that was not presented at trial, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. While these categories do not provide an exhaustive list of the types of evidence that is "reliable," Petitioner offers no type of reliable evidence in support of his argument that he is factually innocent of the crime of which he was convicted. *See Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012). Instead, in support of his claim of actual innocence, Petitioner presents only an argument regarding statutory interpretation of Pennsylvania's corruption of minors statute. (Docket No. 81 at 3-4). Therefore, Petitioner's objection in this regard is overruled.

---

[3] Judge Kelly noted, in ruling on Petitioner's habeas petition, that he had not presented cause and prejudice for his procedural default, (Docket No. 58 at 11), and Petitioner states in his Rule 60(b) Motion that he was unable to present, in his habeas petition, cause and prejudice for his procedural default, (Docket No. 78 at 4-5, 12).

*Summary*

Accordingly, the Court agrees with Judge Kelly that, although Petitioner in his Rule 60(b) Motion ostensibly attacks the procedural basis of the Court's previous dismissal (Docket Nos. 58, 60) of his habeas petition (Docket No. 3), he does so by raising and arguing new substantive claims for habeas relief.  (Docket No. 80 at 4).  The Court agrees that the totality of Petitioner's argument in his Rule 60(b) Motion thus appears to raise new claims for federal habeas relief, and to offer an explanation why such claims could not have been raised previously in his state court filings.  (*Id.*).  Judge Kelly therefore correctly concludes that Petitioner's Motion is not a true Rule 60(b) motion, but is properly construed as a second or successive habeas petition under *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).  (Docket No. 80 at 4-5).  The Court also agrees with the R&R's recommendation that because Petitioner has not been given leave to present a second or successive habeas petition by the Third Circuit, this Court lacks subject matter jurisdiction to address the new claims raised by Petitioner in his Rule 60(b) Motion.  (*Id.* at 5).  Thus, the Court agrees with Judge Kelly that, for this reason, Petitioner's Rule 60(b) Motion should be dismissed, and a certificate of appealability should be denied because jurists of reason would not find it debatable whether this Court has jurisdiction to proceed with this case.  (*Id.* at 5-6).

As such, the Court will overrule Petitioner's Objections, adopt the R&R as the Opinion of the Court, and deny Petitioner's Rule 60(b) Motion, as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 17th day of November, 2025,

IT IS HEREBY ORDERED that Petitioner's Objections (Docket No. 81) to the R&R are OVERRULED, and the R&R (Docket No. 80) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Petitioner's Rule 60(b) Motion (Docket No. 78) is DENIED.

IT IS FURTHER ORDERED that, to the extent one is required, a certificate of appealability shall not be issued, as jurists of reason would not find it debatable whether this Court has jurisdiction to proceed with this case.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:    The Honorable Maureen P. Kelly
           Gary Calhoun (via U.S. Mail)
           All counsel of record